UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSH & McLENNAN AGENCY LLC,<br><br>               Plaintiff,<br><br>- against -<br><br>ALLIANT INSURANCE SERVICES, INC. and KATHLEEN JOHNSON,<br><br>               Defendants. | Case No. 1:25-cv-9837-GHW |

**DEFENDANT ALLIANT INSURANCE SERVICES, INC.'S
<u>MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS</u>**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL STANDARD ............................................................................................................... 2

ARGUMENT ............................................................................................................................. 3

I.     THE COMPLAINT FAILS TO ALLEGE JURISDICTION OVER ALLIANT .............. 3

     A.     MMA Fails To Show That The Court Can Exercise General Personal Jurisdiction Over Alliant Consistent With The Fourteenth Amendment ............... 3

     B.     MMA Fails To Show That The Court Can Exercise Specific Personal Jurisdiction Over Alliant Under New York's Long-Arm Statute Or The Closely Related Doctrine ................................................................................... 4

          1.     New York's Long-Arm Statute ................................................................ 4

               a.     C.P.L.R. § 302(a)(2) ..................................................................... 5

               b.     C.P.L.R. § 302(a)(3) ..................................................................... 6

               c.     C.P.L.R. § 302(a)(1) ..................................................................... 7

          2.     The Closely Related Doctrine .................................................................. 8

CONCLUSION ........................................................................................................................ 11

DB1/ 164596460.3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arcadia Biosciences, Inc. v. Vilmorin & Cie*,
 356 F. Supp. 3d 379 (S.D.N.Y. 2019) ............................................................................... 10

*Aguas Lenders Recovery Group v. Suez, S.A.*,
 585 F.3d 696 (2d Cir. 2009) ................................................................................................ 9

*Al-Ahmed v. Twitter, Inc.*,
 553 F. Supp. 3d 118 (S.D.N.Y. 2021) ............................................................................. 4, 8

*Anderjaska v. Bank of Am., N.A.*,
 No. 19-CV-3057 (LTS), 2021 WL 877558 (S.D.N.Y. Mar. 9, 2021) ................................. 4

*Bensusan Restaurant Corp. v. King*,
 126 F.3d 25 (2d Cir. 1997) .................................................................................................. 5

*Berdeaux v. OneCoin Ltd.*,
 561 F. Supp. 3d 379 (S.D.N.Y. 2021) ................................................................................. 6

*BNSF Ry. Co. v. Tyrrell*,
 581 U.S. 402 (2017) ............................................................................................................ 3

*Brown v. Lockheed Martin Corp.*,
 814 F.3d 619 (2d Cir. 2016) ................................................................................................ 4

*Carte v. Parkoff*,
 152 A.D.2d 615 (2d Dep't 1989) ......................................................................................... 7

*Chew v. Dietrich*,
 143 F.3d 24 (2d Cir. 1998) .................................................................................................. 8

*Clarke v. TRIGO U.S., Inc.*,
 No. 22-CV-1917 (PKC), 2023 WL 2456814 (S.D.N.Y. Mar. 10, 2023) ........................... 11

*Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co.*,
 586 F. App'x 768 (2d Cir. 2014) ......................................................................................... 6

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014) ........................................................................................................ 3, 4

*D.H. Blair & Co. v. Gottdiener*,
 462 F.3d 95 (2d Cir. 2006) ................................................................................................ 10

*Fantis Foods, Inc. v. Std. Importing Co., Inc.*,
    49 N.Y.2d 317 (1980) ................................................................................................................ 7

*Gucci Am., Inc. v. Weixing Li*,
    768 F.3d 122 (2d Cir. 2014) ...................................................................................................... 3

*Hill v. HSBC Bank plc*,
    207 F. Supp. 3d 333 (S.D.N.Y. 2016) ....................................................................................... 8

*HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*,
    No. 20-CV-00967 (LJL), 2021 WL 918556 (S.D.N.Y. Mar. 10, 2021) ............................ 10, 11

*In re Terrorist Attacks on September 11, 2001*,
    714 F.3d 659 (2d Cir. 2013) ...................................................................................................... 2

*Japan Press Serv., Inc. v. Japan Press Serv., Inc.*,
    No. 11-CV-5875 (SJF), 2013 WL 80181 (E.D.N.Y. Jan. 2, 2013) ........................................ 5, 6

*Jazini v. Nissan Motor Co., Ltd.*,
    148 F.3d 181 (2d Cir. 1998) ................................................................................................... 2, 8

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984) ................................................................................................................... 2

*Koh v. Koo*,
    No. 22-CV-6639 (JMF), 2023 WL 5352786 (S.D.N.Y. Aug. 21, 2023) ................................. 11

*Lelchook v. Societe Generale de Banque au Liban SAL*,
    67 F.4th 69 (2d Cir. 2023) ......................................................................................................... 8

*Lipin v. Bergquist*,
    574 F. Supp. 2d 423 (S.D.N.Y. 2008) ....................................................................................... 7

*Magi XXI, Inc. v. Stato della Citta del Vaticano*,
    714 F.3d 714 (2d Cir. 2013) ...................................................................................................... 9

*Mareno v. Rowe*,
    910 F.2d 1043 (2d Cir. 1990) ................................................................................................ 6, 7

*Marsh & McLennan Agency, LLC v. Alliant Ins. Servs., Inc.*,
    No. 25-CV-1260 (JAV), 2025 WL 2916153 (S.D.N.Y. Oct. 14, 2025) ("*Davis*") ............ *passim*

*Marsh & McLennan Agency LLC v. Alliant Ins. Servs., Inc.*, No. 25-CV-6936 (RA), 2025 WL
    3442819 (S.D.N.Y. Dec. 1, 2025) ("*Oldenburg*") ..................................................................... 5

*Mersen USA EP Corp. v. TDK Elecs. Inc.*,
  594 F. Supp. 3d 570 (S.D.N.Y. 2022) .................................................................................. 11

*Penguin Group (USA) Inc. v. American Buddha*,
  609 F.3d 30 (2d Cir. 2010) ..................................................................................................... 2

*Posven, C.A. v. Liberty Mut. Ins. Co.*,
  303 F. Supp. 2d 391 (S.D.N.Y. 2004) .................................................................................... 5

*Seatig, Inc. v. BizLog, LLC*,
  No. 24-CV-7946 (JPO), 2025 WL 3101250 (S.D.N.Y. Nov. 6, 2025) .................................... 9

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
  750 F.3d 221 (2d Cir. 2014) ................................................................................................... 3

*SOS Capital v. Recycling Paper Partners of PA, LLC*,
  220 A.D.3d 25 (1st Dep't 2023) ............................................................................................. 5

*SPV OSUS Ltd. v. UBS AG*,
  114 F. Supp. 3d 161 (S.D.N.Y. 2015) ..................................................................................... 8

*Sunward Electronics, Inc. v. McDonald*,
  362 F.3d 17 (2d Cir. 2004) ..................................................................................................... 2

*Tamam v. Fransabank Sal*,
  677 F. Supp. 2d 720 (S.D.N.Y. 2010) .................................................................................... 2

*Villalobos v. Telemundo Network Grp. LLC*,
  No. 22-CV-7665 (JPC), 2024 WL 5008980 (S.D.N.Y. Dec. 6, 2024) ............................... 9, 10

*Yeda Rsch. & Dev. Co. Ltd. v. iCAD, Inc.*,
  No. 18-CV-8083 (GBD), 2019 WL 4562409 (S.D.N.Y. Sept. 5, 2019) .................................. 9

*Zama Capital Advisors LP v. Universal Entertainment Corp.*,
  No. 24-CV-01577 (MKV), 2025 WL 968783 (S.D.N.Y. Mar. 31, 2025) ................................ 9

**Statutes**

C.P.L.R. § 302 ......................................................................................................................... 5, 6, 7

Fed. R. Civ. P. 4(k)(1)(A) ............................................................................................................... 5

Fed. R. Civ. P. 12(b)(2) ............................................................................................................. 1, 2

Defendant Alliant Insurance Services, Inc. ("Alliant") hereby respectfully submits this memorandum of law in support of its motion to dismiss the Complaint (Dkt. No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(2).

## PRELIMINARY STATEMENT

Plaintiff Marsh & McLennan Agency LLC ("Plaintiff" or "MMA") brings this action alleging breaches by defendant Kathleen Johnson ("Johnson") of restrictive covenants found in a Non-Solicitation and Confidentiality Agreement between her and MMA (the "NSA"). MMA alleges that Johnson breached the NSA and that Alliant facilitated and promoted these breaches. While MMA's claims against both Defendants are meritless, the Complaint cannot proceed against Alliant because MMA cannot demonstrate that the Court can exercise personal jurisdiction over Alliant.

Recognizing that the Court has no basis to exercise general personal jurisdiction over Alliant, MMA makes a series of deficient allegations that Alliant is subject to jurisdiction under New York's long-arm statute. MMA alleges that Alliant committed torts in New York, but it fails to identify any tortious conduct that Alliant committed within the state. Next, MMA claims that Alliant "directed" its alleged tortious conduct at New York, but it fails to demonstrate that its purported injury occurred in the state under applicable case law. And MMA alleges that Alliant conducts some business in New York, but it fails to plead any relationship between its claims and Alliant's connections to New York, precluding specific jurisdiction for lack of due process.

MMA also attempts to impose the New York forum selection clause found in the NSA—which Alliant is not a signatory to—upon Alliant through the closely related doctrine. But Alliant is not closely related to Johnson such that it can be found to have assumed obligations under the NSA. Moreover, given MMA's failure to adequately plead a connection between New York and

1

its claims against Alliant apart from a forum selection clause that Alliant did not sign, application of the closely related doctrine would violate due process.

Indeed, in another matter brought by MMA against Alliant—likewise concerning an MMA producer and virtually identical non-solicitation and confidentiality agreements to the one at bar —the court recently granted Alliant's motion to dismiss for lack of personal jurisdiction based on similar arguments Alliant makes herein. *Marsh & McLennan Agency, LLC v. Alliant Ins. Servs., Inc.*, No. 25-CV-1260 (JAV), 2025 WL 2916153 (S.D.N.Y. Oct. 14, 2025) ("*Davis*").

The Complaint should be dismissed as against Alliant for want of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## **LEGAL STANDARD**

"A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Penguin Group (USA) Inc. v. American Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). Personal jurisdiction may be general (all purpose) or specific (conduct-linked). *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673-74 (2d Cir. 2013). In either case, the inquiry is defendant-specific and assessed on a plaintiff-by-plaintiff and claim-by-claim basis. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("Each defendant's contacts with the forum State must be assessed individually."); *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004) ("[P]laintiff must establish the court's jurisdiction with respect to *each* claim asserted."). When resolving a motion to dismiss for lack of personal jurisdiction, "'conclusory non-fact-specific jurisdictional allegations' or a 'legal conclusion couched as a factual allegation' will not establish a *prima facie* showing of jurisdiction." *Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 725-26 (S.D.N.Y. 2010) (quoting *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998)).

2

## ARGUMENT

### I. THE COMPLAINT FAILS TO ALLEGE JURISDICTION OVER ALLIANT

#### A. MMA Fails To Show That The Court Can Exercise General Personal Jurisdiction Over Alliant Consistent With The Fourteenth Amendment

The Complaint concedes that Alliant is a corporate resident of California and fails to meet the heavy burden of demonstrating that this action falls within the narrow exception permitting general personal jurisdiction over a non-resident corporation. Accordingly, MMA has failed to plead that the Court has general personal jurisdiction over Alliant.

"The Fourteenth Amendment's Due Process Clause does not permit a State to hale an out-of-state corporation before its courts when the corporation is not 'at home' in the State and the episode-in-suit occurred elsewhere." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 405-06 (2017). "Aside from 'an exceptional case,' … a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014)); *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) ("The paradigm forum for general jurisdiction over an individual is the individual's domicile, his home. For a corporation, it is an equivalent place, with the place of incorporation and the principal place of business being the paradigm bases.").

Here, MMA acknowledges that Alliant is a business incorporated under the laws of California, with its principal place of business also in California. Compl. ¶ 8. Thus, absent exceptional circumstances, Alliant is not subject to general personal jurisdiction in New York. *BNSF*, 581 U.S. at 413.

3

And MMA fails to meet the "heavy burden" of demonstrating that this action qualifies as an exceptional case. *Anderjaska v. Bank of Am., N.A.*, No. 19-CV-3057 (LTS), 2021 WL 877558, at *2 (S.D.N.Y. Mar. 9, 2021) (quoting *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016)). While Alliant maintains six offices in New York (Compl. ¶ 8), it has seventeen in California, eleven in Texas, and more than one hundred across the nation.[1] Consequently, Alliant cannot be considered "at home" in New York. *Daimler*, 571 U.S. at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States."); *Anderjaska*, 2021 WL 877558, at *3 (granting motion to dismiss for lack of personal jurisdiction even though defendants had a "substantial number of physical banking locations and ATMs, a large office space, and a large workforce in New York"); *Al-Ahmed v. Twitter, Inc.*, 553 F. Supp. 3d 118, 125 (S.D.N.Y. 2021) ("[S]imply having a large office and a substantial number of employees in a forum is not enough to establish general jurisdiction.").

### B. MMA Fails To Show That The Court Can Exercise Specific Personal Jurisdiction Over Alliant Under New York's Long-Arm Statute Or The Closely Related Doctrine

MMA alleges that the Court has specific personal jurisdiction over Alliant in two ways. First, MMA suggests that Alliant has sufficient contacts with New York. Compl. ¶ 12. Second, MMA alleges that the New York forum selection clause in the NSA binds Alliant by way of the closely related doctrine. *Id.* ¶ 13. For the reasons outlined below, both arguments fail.

#### 1. New York's Long-Arm Statute

MMA alleges that the Court has personal jurisdiction over Alliant because Alliant "conducts business in this District and has committed tortious acts within the State of New York

---

[1] Office Locations, ALLIANT, https://alliant.com/about/office-locations/ (last visited Dec. 6, 2025).

or has directed its tortious conduct toward the State of New York." *Id.* ¶ 12. Outside a specific grant of jurisdiction, which is not the case here, "the reach of a federal district court's personal jurisdiction is coterminous with that of the personal jurisdiction of a court of general jurisdiction in the state in which the court sits." *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 396 (S.D.N.Y. 2004) (citing Fed. R. Civ. P. 4(k)(1)(A)).

MMA cannot establish specific personal jurisdiction over Alliant under New York's long-arm statute. C.P.L.R. § 302. Various provisions of the statute are inapplicable, and in any event, MMA fails to demonstrate that the exercise of jurisdiction over Alliant would comport with due process requirements.[2]

### a.     C.P.L.R. § 302(a)(2)

Under New York's long-arm statute, a court may exercise personal jurisdiction over a non-domiciliary that commits a tortious act within the state. C.P.L.R. § 302(a)(2). However, "Section 302(a)(2) confers personal jurisdiction over a non-domiciliary defendant only 'when they commit acts within the state.'" *Japan Press Serv., Inc. v. Japan Press Serv., Inc.*, No. 11-CV-5875 (SJF), 2013 WL 80181, at *9 (E.D.N.Y. Jan. 2, 2013) (quoting *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997)); *SOS Capital v. Recycling Paper Partners of PA, LLC*, 220 A.D.3d 25, 27 (1st Dep't 2023) (Section 302(a)(2) only applies when defendant committed a tortious act "while physically present within the boundaries of this state.").

---

[2] Alliant is aware that Judge Abrams recently denied its motion to dismiss for lack of personal jurisdiction in another matter brought by MMA, finding specific jurisdiction over Alliant existed under New York's long-arm statute. *Marsh & McLennan Agency LLC v. Alliant Ins. Servs., Inc.*, 25-CV-6936 (RA), 2025 WL 3442819 (S.D.N.Y. Dec. 1, 2025) ("*Oldenburg*"). That decision, however, is entirely distinguishable from this action. There, the Court found that personal jurisdiction existed *specifically* because Alliant had allegedly solicited and serviced a New York-based former MMA client. *Id.* at *5-7. ("The intentional acceptance and servicing of a New York client is forum-directed conduct and is sufficient for this Court to exercise specific personal jurisdiction over Alliant under the Constitution.") Here, in stark contrast, MMA makes no such allegation. *See* Compl. ¶¶ 9-14.

5

MMA's allegation that Alliant's alleged tortious conduct was committed within New York is baseless, and thus Section 302(a)(2) is inapplicable. At bottom, the Complaint alleges that Alliant poached Johnson—a former employee of MMA who worked in Florida and North Carolina—and that, as a result, Johnson allegedly breached her NSA by soliciting and accepting MMA employees and clients on Alliant's behalf. *See* Declaration of Kathleen Johnson in Opposition to Plaintiff's Application for a Temporary Restraining Order (Dkt. No. 25), ¶ 2; *see, e.g.*, Compl. ¶¶ 1-5, 7, 42-45, 49-61, 65-73, 81-82, 111-123, 130-154. The Complaint offers nothing except conclusory assertions to suggest that Alliant committed any tortious conduct in New York, and MMA "cannot establish jurisdiction through conclusory assertions alone." *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 395 (S.D.N.Y. 2021) (quoting *Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 769 (2d Cir. 2014)). Accordingly, "[s]ince plaintiff has not alleged any tortious act committed by defendant while it was physically present in New York, Section 302(a)(2) does not confer personal jurisdiction over defendant in this action." *Japan Press*, 2013 WL 80181, at *9.

    b.  C.P.L.R. § 302(a)(3)

New York's long-arm statute also allows the exercise of personal jurisdiction over a non-domiciliary that commits a tortious act outside of New York but where the injury is felt within New York, provided the non-domiciliary regularly does business in the state. C.P.L.R. § 302(a)(3). MMA attempts to establish jurisdiction over Alliant under this provision by alleging that Alliant "directed" its purported tortious conduct at New York. Compl. ¶ 12. However, for purposes of Section 302(a)(3), an injury "does not occur within the state simply because the plaintiff is a resident. 'The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff.'" *Mareno v. Rowe*,

910 F.2d 1043, 1046 (2d Cir. 1990) (quoting *Carte v. Parkoff*, 152 A.D.2d 615, 616 (2d Dep't 1989)).

Even assuming *arguendo* that MMA has demonstrated that Alliant has sufficient connections to New York, Section 302(a)(3) is inapplicable because MMA's alleged injury did not occur in New York. The touchstone of this provision is where the alleged events that caused the injury occurred, not where the injury was felt. *Mareno*, 910 F.2d at 1046. The fact that MMA is based in New York and purportedly felt injury in New York is insufficient. *Lipin v. Bergquist*, 574 F. Supp. 2d 423, 432 (S.D.N.Y. 2008); *see also Fantis Foods, Inc. v. Std. Importing Co., Inc.*, 49 N.Y.2d 317, 326 (1980) ("It has … long been held that the residence or domicile of the injured party within a State is not a sufficient predicate for jurisdiction …."). The events that allegedly caused MMA's injury—Johnson's alleged breaches of the NSA and Alliant's alleged role in facilitating those breaches—did not occur in New York .[3] Thus, Section 302(a)(3) is inapplicable. *Lipin*, 574 F. Supp. 2d at 432.[4]

        c.        C.P.L.R. § 302(a)(1)

New York's long-arm statute also allows the exercise of personal jurisdiction over a non-domiciliary that transacts business within New York as to a cause of action arising from that transaction of business. C.P.L.R. § 302(a)(1). While Alliant conducts business in New York, MMA fails to allege that its claims arise out of Alliant's transaction of business in the state. In fact, MMA fails to allege *any* relationship between its claims against Alliant and Alliant's connections to New

---

[3] As succinctly put by Judge Vargas, "Nothing in this instant case, beyond the forum selection clauses in the MMA employee's [Non-Solicitation Confidentiality Agreement], anchors this matter to New York. Specific jurisdiction is therefore lacking." *Davis*, 2025 WL 2916153, at *5.

[4] For the reasons outlined below, even if the Court were to find that Section 302(a)(3) applies, jurisdiction over Alliant is still unavailable because it would not comport with the due process requirement that MMA's claims be related to Alliant's New York connections.

7

York. As a result, MMA has failed to demonstrate that jurisdiction over Alliant is constitutionally permissible.

In addition to a statutory basis, the exercise of personal jurisdiction over a defendant must always comport with due process considerations. *Lelchook v. Societe Generale de Banque au Liban SAL*, 67 F.4th 69, 75-76 (2d Cir. 2023). Under the minimum contacts test, application of specific personal jurisdiction is only constitutional where 1) the defendant has purposefully availed themselves of the forum state and 2) the plaintiff's claims arise out of or relate to the defendant's connections to the forum state. *Chew v. Dietrich*, 143 F.3d 24, 28-29 (2d Cir. 1998). For the relatedness prong, courts require that the defendant's connections to the forum state be either the proximate cause or a but-for cause of the plaintiff's alleged injury, depending on the degree of the connections. *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 169 (S.D.N.Y. 2015), *aff'd*, 882 F.3d 333 (2d Cir. 2018). Regardless of the applicable standard, MMA has failed to allege *any relation* between its claims and Alliant's New York connections, let alone explain how those connections caused MMA's purported injury. Indeed, all MMA alleges is that Alliant has offices in New York. Compl. ¶ 8. Such an allegation falls far short of the pleading requirements to establish jurisdiction. *Jazini*, 148 F.3d at 185. Because MMA makes no showing that its claims and Alliant's New York connections are related, MMA fails to demonstrate that specific personal jurisdiction over Alliant would satisfy due process requirements. *SPV*, 114 F. Supp. 3d at 170; *Hill v. HSBC Bank plc*, 207 F. Supp. 3d 333, 340 n.7 (S.D.N.Y. 2016); *Al-Ahmed*, 553 F. Supp. 3d at 127-28; *Davis*, 2025 WL 2916153, at *5.

### 2. The Closely Related Doctrine

The NSA between Johnson and MMA contains a New York forum selection clause. Alliant, however, is not a party to the NSA, and thus jurisdiction over Alliant cannot be based on this agreement. Nevertheless, MMA attempts to bind Alliant to the forum selection clause in the

NSA by invoking the "closely related" doctrine. Compl. ¶ 13. This argument fails for at least two reasons. First, it bases jurisdiction on whether the non-signatory is closely related to the dispute instead of closely related to a party, which is the test in the Second Circuit. Second, it violates constitutional principles of due process.

In the Second Circuit, application of the "closely related" doctrine depends on whether "the non-signatory is 'closely related' to another signatory." *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 723 (2d Cir. 2013). The Second Circuit has found that a non-signatory is "closely related" to a signatory when the non-signatory is the source of the authority for the signatory to enter the contract, *id.* at 724, and when the non-signatory was a successor in interest to a signatory. *Aguas Lenders Recovery Group v. Suez, S.A.*, 585 F.3d 696, 701 (2d Cir. 2009). Neither is the case here, nor has MMA pled facts suggesting a relationship between Alliant and Johnson similar to those situations. *Yeda Rsch. & Dev. Co. Ltd. v. iCAD, Inc.*, No. 18-CV-8083 (GBD), 2019 WL 4562409, at *7 (S.D.N.Y. Sept. 5, 2019) ("Indeed, the vast majority of cases that have found a non-signatory 'closely related' and therefore bound by the forum selection clause have done so where the non-signatory had an active role in the transaction between the signatories or in the company that was the signatory." (cleaned up)).

In addition, MMA's attempt to base personal jurisdiction on an agreement that Alliant never signed has been rejected by numerous decisions within this District on constitutional grounds. As explained in *Zama Capital Advisors LP v. Universal Entertainment Corp.*, while the closely related doctrine has some historical precedence, "more recent cases have criticized the approach for running afoul of constitutional principles of due process." No. 24-CV-01577 (MKV), 2025 WL 968783, at *16 (S.D.N.Y. Mar. 31, 2025) (cleaned up). *See also Villalobos v. Telemundo Network Grp. LLC*, No. 22-CV-7665 (JPC), 2024 WL 5008980, at *4 (S.D.N.Y. Dec. 6, 2024) (collecting cases); *Seatig, Inc. v. BizLog, LLC*, No. 24-CV-7946 (JPO), 2025 WL 3101250, at *4

9

(S.D.N.Y. Nov. 6, 2025). In fact, just recently in *Davis*, Judge Vargas ruled that MMA's request that it bind Alliant via the closely related doctrine to forum selection clauses that Alliant did not consent to would violate due process. *Davis*, 2025 WL 2916153, at *6-9. The Court should reach the same conclusion here.

The shift away from the closely related doctrine results from its conflict with a fundamental principle of due process: "Under federal law, the exercise of jurisdiction by a court does not turn just on whether the defendant could anticipate being sued in the forum, but on whether the defendant has taken some act that either evinces its consent to being sued in the forum or that gives rise to the court's power to assert jurisdiction in the absence of consent." *HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, No. 20-CV-00967 (LJL), 2021 WL 918556, at *13 (S.D.N.Y. Mar. 10, 2021) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103-04 (2d Cir. 2006)). To comply with this due process requirement, the closely related doctrine can only apply to a non-signatory who "is otherwise bound to the agreement, as for example under the ordinary law of successor liability and alter ego," <u>and</u> if applying jurisdiction over the non-signatory would otherwise not infringe traditional due process inquiries. *Villalobos*, 2024 WL 5008980, at *5 (citations omitted); *Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379, 395 (S.D.N.Y. 2019) ("But although [the closely related doctrine's] benefits may be salutary, a court cannot consider them without first determining whether the exercise of jurisdiction over the defendant comports with due process."); *see also Davis*, 2025 WL 2916153, at *7 ("The Second Circuit has never extended the closely related doctrine to overcome a defense of personal jurisdiction, with the attendant constitutional due process concerns.").

Here, Alliant has not consented to general jurisdiction in New York, and as outlined above, MMA has failed to demonstrate that Alliant's contacts with New York permit specific jurisdiction. Thus, MMA's *only basis* for the Court to exercise jurisdiction over Alliant is the forum selection

10

clause in the NSA—a contract that Alliant never signed or assumed obligations under. Alliant cannot be bound to the NSA because it is not a successor of liability or alter ego to Johnson. *Koh v. Koo*, No. 22-CV-6639 (JMF), 2023 WL 5352786, at *3 (S.D.N.Y. Aug. 21, 2023) (citation omitted); *Davis*, 2025 WL 2916153, at *8. But even if the Court were to find that Alliant was closely related to Johnson, constitutional concerns would still prohibit such an exercise of jurisdiction. *HSM*, 2021 WL 918556, at *13 (closely related doctrine inapplicable "in the absence of either consent or acts sufficient to satisfy long-arm jurisdiction and due process" by defendant); *Mersen USA EP Corp. v. TDK Elecs. Inc.*, 594 F. Supp. 3d 570, 584 (S.D.N.Y. 2022) (finding application of closely related doctrine would violate due process where, as here, "[s]ave the forum selection clause, this matter has nothing to do with New York"); *Clarke v. TRIGO U.S., Inc.*, No. 22-CV-1917 (PKC), 2023 WL 2456814, at *6 (S.D.N.Y. Mar. 10, 2023) (same); *see also Davis*, 2025 WL 2916153, at *5 ("Nothing in this instant case, beyond the forum selection clauses in the MMA employee's NSA, anchors this matter to New York.").

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed as against Alliant for lack of personal jurisdiction.

| | |
|---|---|
| Dated: New York, New York<br>December 8, 2025 | Respectfully submitted,<br><br>*/s/ Peter M. Fay*<br><br>Timothy J. Stephens<br>Peter M. Fay<br>Timothy R. Gordon<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, NY 10178<br>(212) 309-6000<br>timothy.stephens@morganlewis.com<br>peter.fay@morganlewis.com<br>timothy.gordon@morganlewis.com<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF COMPLIANCE

I certify that Defendant Alliant Insurance Services, Inc.'s Memorandum of Law in Support of its Motion to Dismiss complies with the 8,750-word limit set forth in Local Civil Rule 7.1 and Rule 3(A) of Judge Woods's Individual Practice Rules. Based on Microsoft Word's word-count function, this document totals 3,493 words, exclusive of the caption, tables of contents and authorities, signature block, and certificate, but inclusive of footnotes.

Dated: December 8, 2025

*/s/ Peter M. Fay*