# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARSH & McLENNAN AGENCY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALLIANT INSURANCE SERVICES, INC. and KATHLEEN JOHNSON <br><br> Defendants. | Case No.: 1:25-cv-09837-GHW |

**STIPULATION FOR ENTRY OF CONSENT JUDGMENT
AND PERMANENT INJUNCTION ORDER**

Plaintiff Marsh & McLennan Agency, LLC ("MMA") and Defendants Alliant Insurance Services, Inc. ("Alliant") and Kathleen Johnson ("Johnson"), through their respective undersigned counsel, stipulate and agree as specified below. For purposes of this Stipulation for Entry of Consent Judgment and Permanent Injunction Order (the "Consent Judgment and Permanent Injunction Order"), Defendants Alliant and Johnson shall be referred to collectively as "Defendants."

1. On November 25, 2025, MMA filed a Complaint against Defendants. MMA pled the following causes of action: Breach of Non-Solicitation and Confidentiality Agreement – Client Non-Solicitation and Non-Servicing (Count I – against Johnson); Breach of Non-Solicitation and Confidentiality Agreement – Non-Solicitation of Employees (Count II – against Johnson); Breach of Non-Solicitation and Confidentiality Agreement – Confidentiality (Count III – against Johnson); Trade Secret Misappropriation Under the Defend Trade Secrets Act (Count IV – against Johnson and Alliant); Breach of Duty of Loyalty (Count V – against Johnson); Aiding and Abetting

Breach of Duty of Loyalty (Count VI – against Alliant); Tortious Interference with Contract (Count VII – against Alliant); Tortious Interference with Business Relations (Count VIII – against Alliant and Johnson).

2.      Concurrently with filing this Action, on November 25, 2025, MMA moved by Order to Show Cause for a temporary restraining order, a preliminary injunction, and expedited discovery against Defendants.

3.      Defendants now wish to resolve this matter and hereby consent to entry of judgment in the above-captioned case and entry of the following Consent Judgment and Permanent Injunction Order.

4.      In connection with their consent to the entry of this Consent Judgment and Permanent Injunction Order, Alliant hereby withdraws its motion to dismiss for lack of personal jurisdiction filed in this Action.

5.      This Court has subject matter jurisdiction over this action, and Defendants knowingly, voluntarily, and irrevocably consent to the personal jurisdiction of this Court for purposes of the entry, enforcement, and interpretation of this Consent Judgment and Permanent Injunction Order and waive any objection to this Court's exercise of personal jurisdiction over them in this Action.

6.      The Consent Judgment and Permanent Injunction Order will be entered under Federal Rule of Civil Procedure 65 and will constitute the final judgment in this matter. Defendants waive their right to appeal this judgment.

**CONSENT JUDGMENT AND PERMANENT INJUNCTION ORDER**

**IT IS HEREBY ODERED** as follows, effective from the date of entry of this Order:

7.      "Restricted Clients." For purposes of this Order, "Restricted Client" or "Restricted Clients" shall mean all the clients set forth on the Restricted Clients list, attached as Exhibit C to the Parties' Confidential Settlement Agreement and Mutual Release. The Restricted Clients shall not be deemed to include any clients listed in the Transferred Accounts attached as Exhibit B to the Parties' Confidential Settlement Agreement and Mutual Release.

8.      Restrictions Related to Johnson. Johnson is hereby enjoined from, directly or indirectly:

     a.  soliciting Restricted Clients for the purpose of selling or providing consulting services or projects, or selling products, of the type sold or provided by Johnson while she was employed by MMA;

     b.  inducing Restricted Clients to terminate, cancel, not renew, or not place business with MMA;

     c.  performing or supervising the provision or performance of services or projects or provision of products of the type sold or provided by Johnson while she was employed by MMA on behalf of any Restricted Clients;

     d.  assisting others to do the acts specified in Paragraphs (a)-(c) above;

     e.  engaging in any subterfuge to circumvent these prohibitions, including, but not limited to accompanying others on calls to Restricted Clients, contacting Restricted Clients with other persons, supervising other persons in soliciting or serving Restricted Clients, providing Confidential Information to others to assist them in soliciting or serving Restricted Clients, participating in developing presentations to be made to Restricted Clients, or other similar activities;

     f.  soliciting or endeavoring to cause any employee of MMA with whom Johnson, during the last two years of her employment with MMA, came into contact for the purpose of soliciting or servicing business, or about whom Johnson obtained "Confidential Information and Trade Secrets," as defined in her NSA, to leave employment with MMA;

g. disclosing or using for her own purpose, or for the purpose of any other person or entity (including, without limitation, her current employer, Alliant), any of MMA's trade secrets or other Confidential Information (as defined in the NSA).

9. <u>Restrictions Related to Alliant</u>. Alliant is hereby enjoined from, directly or indirectly:

a. soliciting Restricted Clients for the purpose of selling or providing consulting services or projects, or selling products, of the type sold or provided by Johnson while she was employed by MMA;

b. inducing Restricted Clients to terminate, cancel, not renew, or not place business with MMA;

c. performing or supervising the provision or performance of services or projects or provision of products of the type sold or provided by Johnson while she was employed by MMA on behalf of any Restricted Clients;

d. the restrictions set forth in this Section 9 shall be limited to the yacht insurance business of the Restricted Clients and shall not apply to other lines.

10. <u>No Tortious Interference</u>. Alliant with not tortiously interfere with Johnson's ongoing contractual obligations to MMA and will take appropriate steps to ensure that Johnson abides by her ongoing contractual obligations to MMA in the course of her employment at Alliant.

11. <u>Stipulation of Dismissal</u>. The parties have indicated that they have resolved this case and will be filing a stipulation of dismissal within three business days of the Court's entry of this Permanent Injunction Order.

12. <u>Duration of Injunction</u>. This Permanent Injunction shall remain in effect until December 31, 2027, after which date this Permanent Injunction Order will expire and be of no further force and effect.

13. <u>Retention of Jurisdiction</u>. This Court retains jurisdiction of this action throughout the term of this injunction for purposes of enforcing compliance with the terms of this Consent Judgment and Permanent Injunction Order and/or imposing sanctions for any contempt of this

Order. MMA shall be entitled to recovery of all reasonable sums and costs, including attorneys'

fees, incurred by MMA in the event of a violation of this Consent Judgment and Permanent

Injunction Order.

Dated: March __, 2026

SO ORDERED:

_____

GREGORY H. WOODS
United States District Judge

Consent as to entry:

_____

Timothy J. Stephens, Esq.
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000 (phone)
*Counsel for Defendants*

_____

David W. Garland, Esq.
A. Millie Warner, Esq.
EPSTEIN BECKER & GREEN, P.C.
875 Third Avenue
New York, NY 10022
(212) 351-4752 (phone)
*Counsel for Plaintiff*