

EPSTEIN
BECKER
GREEN

Attorneys at Law

David W. Garland
t  212.351.4708
f  212.878.8600
DGarland@ebglaw.com

April 13, 2026

VIA ECF

Hon. Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Marsh & McLennan Agency LLC v. Alliant Insurance Services, Inc., and*
     *Kathleen Johnson*, Case No. 25-cv-9837-GHW
     **Joint Letter-Motion To File Document Under Seal**

Dear Judge Woods:

  We represent Plaintiff Marsh & McLennan Agency LLC ("MMA") in the above-captioned matter. Further to the April 9, 2026 telephonic conference with the Court, and pursuant to Section 4.A.ii of Your Honor's Individual Rules, MMA and Defendants Alliant Insurance Services, Inc. and Kathleen Johnson (together, "Defendants") respectfully jointly move for leave to file under seal "Attachment 2" to the parties' separately filed letter submitting to the Court a revised proposed Consent Judgment and Permanent Injunction Order (the "Proposed Order").

  "Attachment 2" is a list of Restricted Clients (*i.e.*, a list of certain MMA clients) that is titled "Exhibit C" to the Parties' Confidential Settlement Agreement and Mutual Release, which is referenced in Section 7 of the Proposed Order.  That list is not contained in the Proposed Order because, as MMA maintains, the identities of those clients are highly confidential and competitively sensitive, and public disclosure of those client identities would harm MMA, expose sensitive information concerning third parties, and potentially undermine the very interests the injunction is designed to protect.

  Though judicial documents are subject to a presumption of public access, that "right…is not absolute," *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quotation omitted), and the presumption yields when outweighed by countervailing interests or higher values, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  Courts have long recognized that business secrecy and privacy interests fall within these higher values. *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020).  As such, courts routinely seal

Epstein Becker & Green, P.C.  |  875 Third Avenue  |  New York, NY  10022  |  t  212.351.4500  |  f  212.878.8600  |  **ebglaw.com**

FIRM:69949976

Hon. Gregory H. Woods
April 13, 2026
Page 2

materials such as this that contain "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019) (internal quotations omitted); *see also In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (courts may deny public access to records that are "'sources of business information that might harm a litigant's competitive standing'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Further, Exhibit C contains information about non-party MMA clients, and courts in this District routinely protect the identities of non-party customers or clients where those identities do not directly bear on the adjudication. *See Caxton Int'l Ltd. v. Reserve Int'l Liquidity Fund, Ltd.*, 2009 WL 2365246, at *7 (S.D.N.Y. Jul. 30, 2009); *Statoil (Nigeria) Limited v. Nigerian Nat. Petroleum Corp.*, 2020 WL 3170566, at *1 (recognizing presumption in favor of public access is low where information about third parties has no bearing on a motion).

For these reasons, MMA and Defendants respectfully request leave to file Exhibit C under seal.

We appreciate the Court's consideration of this request.

Respectfully submitted,

David W. Garland

cc: All counsel of record (via ECF)

Application granted.  In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing.  *See* 952 F.3d 51, 59 (2d Cir. 2020).  First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process."  *Id.* (quotation omitted).  Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'"  *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)).  "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'"  *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access."  *Id.*

Having evaluated these factors, the motion to seal is granted.  The documents sought to be sealed are judicial documents.  However, the weight of the presumption is low; the information sought to be sealed has little significance for the Court in considering whether to sign the parties' jointly proposed order.  The factors that counsel against disclosure described in this letter—principally the commercial interests of Plaintiff—outweigh the public's interest in disclosure of the redacted information at this time.  As a result, the motion to seal is granted  This determination is made only with respect to the information at issue at this stage of the case and on this record.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 88.  The Court expects that it will enter the proposed order, Dkt. No. 89-1, after the parties file a version signed by counsel.

SO ORDERED.
Dated:  April 14, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

FIRM:69949976